Bradley *v.* Blair.

---

BRADLEY and others, commissioners of highways of the towns of Batavia and Stafford, *vs.* BLAIR.

The commissioners of highways of two towns cannot unite as plaintiffs and bring an action to recover a penalty or forfeiture, for an encroachment upon a highway running on the line between such towns.

THIS action originated in a justice's court. It was brought by the plaintiffs as commissioners of highways of the towns of Batavia and Stafford, against Blair, to recover sundry penalties for not removing an encroachment on a public highway called the town line road between said towns, pursuant to an order made by the said commissioners, jointly, of which a copy was served and a written notice given to Blair. The defendant demurred to the complaint, assigning as a cause, among others, that the plaintiffs had no legal capacity to sue jointly. The justice overruled the demurrer, and the defendant answered, denying the complaint. After hearing evidence the justice rendered a judgment in favor of the plaintiffs for $30, (being for 60 days encroachment,) together with costs. The defendant appealed to the county court of the county of Genesee, which court reversed the judgment of the justice, and the plaintiffs appealed to this court.

Bradley *v.* Blair.

*Wakeman & Bryan,* for the appellants.

*H. Wilber,* for the respondent.

*By the Court,* JOHNSON, J.   There is no provision in the statute which authorizes the commissioners of highways of two towns to unite as plaintiffs and bring an action to recover a penalty or forfeiture for an encroachment upon a highway.   The authority of such officers to maintain actions is given by statute, and is confined to those of the town where the offense has been committed.   (1 *R. S.* 526, § 131.)   And the penalties or forfeitures, when recovered, are to be applied by them in improving the road and bridges in such town.   There is nothing in the evidence before the justice to show in which town the highway was encroached upon; nor whether the highway was on the line between the two towns.   But had those facts appeared, no cause of action in favor of the plaintiffs would have been established, because the statute gives the action exclusively to the commissioners of the town in which the offense is committed, and no others have any right to the recovery.

Commissioners of adjoining towns are authorized to act together in laying out highways on the lines of their respective towns, and in districting such as are already laid out.   But when a highway is laid out by them they are required to divide it into districts, and allot an equal number of districts to each town.   The districts when allotted are each to be considered as belonging wholly to the town to which it shall be allotted.   (1 *R. S.* 516, 517, *sections* 74 *to* 76 *inclusive.*)   The proof wholly failed to establish a cause of action in favor of either set of commissioners, much less in favor of both.

The judgment of the county court must therefore be affirmed.

[MONROE GENERAL TERM, March 6, 1854.   *Selden, Welles* and *Johnson,* Justices.]